IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| SCIENTIFIC GAMES INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) | 2:16-cv-142-WCO |
| BRIAN KEITH CASH, | ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE SECOND AMENDED COMPLAINT

COMES NOW Defendant Brian Keith Cash ("Defendant") by and through his undersigned counsel, and files this his Answer and Affirmative Defenses to the Second Amended Complaint ("Complaint") of Plaintiff, Scientific Games International, Inc., and respectfully shows this Honorable Court as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed

to plead the existence of a legitimate business interest justifying the restrictive covenants sought to be enforced.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because the restrictive covenants Plaintiff seeks to enforce are unreasonable, overbroad, and unenforceable.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because enforcement of the restrictive covenants Plaintiff seeks to enforce would impose severe economic hardship on Defendant and violate the public policy of the State of Georgia.

## FIFTH DEFENSE

The equitable relief sought in the Complaint is barred by Plaintiff's unclean hands.

## SIXTH DEFENSE

Plaintiff is not entitled to any recovery from Defendant because the alleged damages, if any, are speculative.

## SEVENTH DEFENSE

Plaintiff is barred from recovery because any relief or recovery would unjustly enrich or constitute a windfall to Plaintiff.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot demonstrate the conditions precedent for asserting a claim for expenses of litigation or attorney fees.

## NINTH DEFENSE

Plaintiff is barred from claiming or obtaining injunctive relief on the grounds that adequate legal remedies exist, to the extent that Plaintiff is entitled to any relief whatsoever.

## TENTH DEFENSE

Plaintiff's Complaint, in whole or in part, is barred by the fact that the Defendant did not misappropriate and is not in possession of any information that constitute trade secrets of Plaintiff.

## ELEVENTH DEFENSE

Plaintiff's Complaint, in whole or in part, is barred, because some or all of the information which it alleges to be confidential and/or proprietary was not and is not confidential or proprietary.

## TWELFTH DEFENSE

Plaintiff's alleged trade secrets are generally known to and readily ascertainable by proper means by others who can obtain economic value from their

disclosure or use.

## THIRTEENTH DEFENSE

Plaintiff's alleged trade secrets have not been the subject of efforts that are reasonable under the circumstances to maintain their secrecy.

## FOURTEENTH DEFENSE

The Complaint fails to the extent that certain of Plaintiff's claims are preempted by the Georgia Trade Secrets Act.

## FIFTEENTH DEFENSE

In its Initial Disclosures, and prior to filing its Second Amended Complaint, Plaintiff expressly disavowed that it is seeking any monetary damages pursuant to any claim including the Defense of Trade Secrets Act ("DTSA"). Accordingly, Plaintiff is not entitled to and is barred from asserting any damages pursuant to the DTSA or any other claim.

## SIXTEENTH DEFENSE

The DTSA expressly prohibits the injunctive relief requested by Plaintiff, to the extent Plaintiff seeks to bar Defendant's employment with IGT or any other entity.

**SEVENTEENTH DEFENSE**

Defendant reserves the right to assert any additional affirmative defenses and matters of avoidance as may be disclosed during the course of additional investigation.

**EIGHTEENTH DEFENSE**

In further answer to the Complaint, Defendant responds to the allegations set forth in the individually numbered paragraphs of the Complaint as follows:

**ANSWER**

**NATURE OF ACTION**

1.

Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2.

Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.

Defendant admits that Plaintiff provides lottery products and services to all 46 lotteries operated in the United States.  Defendant expressly denies that Plaintiff's business analytics, proprietary algorithms, business intelligence information and systems are trade secrets.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.

Defendant admits that Plaintiff purports to have mined commercially-useful information from reams of public raw data; use a variety of compass points in its data to put the lottery-games together; maintain a database of over 40,000 games; and use sophisticated, patented data-management systems to track and analyze over 1,000,000 weeks of game sales and scores of product attributes, which it then builds into "dashboards" to give it insight into the performance of each category of instant-ticket lottery.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.

Defendant admits that he formerly served as Vice President of Plaintiff's Cooperative Services Program.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.

Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

Defendant admits that Plaintiff seeks certain remedies in its Complaint, but denies that Plaintiff is entitled to them.  Answering further, Defendant states that Plaintiff is not seeking damages. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 9 of the Complaint.

## THE PARTIES

10.

Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11.

Defendant acknowledges that Plaintiff purports to be a leading innovator in the global lottery and regulated gaming industries, including significant expertise and market share in the instant lottery arena, having launched the world's very first secure instant-lottery game in 1974; continue to invest in advancing technology, programs, market research and security to build its international success; and continue to innovate with patented gaming technology and research-driven lottery management programs delivered to customers with the highest level of security; and includes operational innovations that are intended to maximize lottery revenue and significantly reduce system-management costs.  Except as expressly admitted herein, Defendant denies the allegation in Paragraph 11.

12.

Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant admits that his job title for Plaintiff was, most recently, Vice President of Cooperative Services Program; that he worked for Plaintiff at its office located in Alpharetta, Georgia; and that he resigned his employment with Plaintiff on June 10, 2016. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 13 of the Complaint.

**JURISDICTION**

14.

Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.

Defendant admits that venue is proper in this Court but denies the allegations in the Complaint regarding the events or omissions that allegedly give rise to the claims therein. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 15 of the Complaint.

## **FACTUAL SUMMARY**

16.

Defendant admits that he began working for Plaintiff in 1993 in the position of Imaging Technician, and that he later held the positions of Production Control Representative, Customer Service Representative, Project Manager, Account Manager, Regional Director, VP U.S. Sales, VP Marketing and Operations, VP U.S. Sales, and VP Global CSP Services for Plaintiff.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.

Defendant admits he received a promotion in 2009 and that he executed a document titled "Employment Terms and Conditions" in connection with the same. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

Defendant admits that he executed a document titled "Employment Terms and Conditions" on August 10, 2009, which speaks for itself.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.

Defendant admits that he executed a document titled "Employment Terms and Conditions" which speaks for itself.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.

Defendant admits that he executed a document titled "Employment Terms and Conditions" which speaks for itself.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

Defendant admits in March 2014, he was promoted to the position of Vice President for Global CSP Services.  Defendant further admits that in that position he reported directly to the Plaintiff's Senior Vice President Instant Products.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

Defendant admits that CSP Services integrates the units of Instant Game distribution, Instant Game product development and marketing and lottery supply-chain management and logistical services. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 22 of the Complaint.

## **Defendant's Resignation and Alleged Theft of Trade Secrets**

### 23.

Defendant admits that on June 10, 2016, he notified Plaintiff of his intent to resign his employment from Scientific Games and that Scientific Games accepted his resignation on that date and that he later accepted an offer of employment from IGT.   Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

### 24.

 Defendant has no knowledge regarding whether IGT's Analyst Day presentation that occurred on June 22, 2016 publicly described IGT as looking to evolve and grow its instant ticket business, and as such, denies this allegation.  Defendant denies the remaining allegations contained in Paragraph 24 of the Complaint.

### 25.

Defendant admits that he downloaded certain files to an external hard drive during his employment with Plaintiff but denies that he engaged in improper conduct or took any action described in Paragraph 25 of the Complaint without permission, authority or a legitimate business justification.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.

Defendant admits that he used a laptop computer issued by Plaintiff and that at or near the day of this resignation he cleared all the files from his laptop computer, including a significant number of personal documents.  Defendant denies that the files were in fact permanently deleted and denies that he had any wrongful intent in doing so. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.

Defendant lacks sufficient information to admit or deny the truth of the allegations in Paragraph 27 as to Plaintiff's security measures, and therefore denies the allegations contained in Paragraph 27 of the Complaint, and further denies that Defendant stole trade secrets or attempted to conceal any alleged theft of trade secrets.

28.

Defendant denies the allegations contained in Paragraph 28 of the Complaint.

**Alleged Additional Thefts of Trade Secrets**

29.

Defendant admits that his wife, Frances Taylor Cash, worked for Plaintiff as a Regional Vice President of Sales and reported to work at Plaintiff's Alpharetta,

Georgia location. Defendant cannot determine the meaning of "[a]t all times relevant to this action," and therefore denies that Mrs. Cash worked for Plaintiff at all times relevant to this action. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.

Defendant admits that Mrs. Cash was terminated from the Company on June 13, 2016. However, Defendant has no knowledge of the remaining allegations in Paragraph 30 of Plaintiff's Complaint and therefore denies the remaining allegations contained in Paragraph 30 of the Complaint.

31.

Defendant admits that Mrs. Cash would routinely back up her computer. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.

Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.

Defendant denies the allegations contained in Paragraph 33 of the Complaint.

## Defendant's Alleged Duplicitous Delay in Resigning

### 34.

Defendant admits that he received a written job offer from IGT on or about May 27, 2016 and subsequently received a revised written job offer on June 7, 2016 and that he notified the Company of his intent to resign on June 10, 2016.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 34 of the Complaint.

### 35.

Defendant admits that Mrs. Cash received a $35,000 payment that she had earned from Plaintiff.   Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 35 of the Complaint.

## Access While Allegedly Operating Under Dual Loyalties

### 36.

Defendant admits that he continued to perform his job duties solely on behalf of Plaintiff until the point that Plaintiff relieved him of those duties.   Except as expressly admitted herein, Defendant denies the allegations in Paragraph 36 of the Complaint.

37.

At all times during his employment with Plaintiff, Defendant visited Plaintiff's customers to advance Plaintiff's business objectives. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 37 of the Complaint.

38.

Defendant has no knowledge regarding whether he would have been permitted to participate in meetings or have access to purported trade secrets if he had deliberately concealed that he intended shortly to compete directly with the Company in an anticipated position heading IGT's instant-lottery division, and therefore denies the same.  Except as expressly admitted herein, Defendant denies the allegations in Paragraph 38 of the Complaint.

39.

Defendant admits that he transferred certain Account Plans to an external drive. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 39 of the Complaint.

## **Defendant's Alleged Continued Evasions**

### 40.

Defendant admits that Defendant and Mrs. Cash received a letter from Plaintiff's Vice President and Deputy General Counsel, which speaks for itself.  Except as expressly admitted herein, Defendant denies the allegations in Paragraph 40 of the Complaint.

### 41.

Defendant admits that Mrs. Cash and he returned Company property in their possession, but denies that he has not plausibly explained himself.  Except as expressly admitted herein, Defendant denies the allegations in Paragraph 41 of the Complaint.

### 42.

Defendant denies the allegations contained in Paragraph 42 of the Complaint.

## **Alleged Expected Harm if Defendant is Not Enjoined**

### 43.

Defendant denies that he transferred files without permission, authority or legitimate business purpose.  Answering further, Defendant is without sufficient information to know the contents of certain Account Plans he transferred to an

external drive, because that information is in the possession of Plaintiff.  Defendant therefore denies the allegations contained in Paragraph 43 and subparagraphs 40(a)-(k) of the Complaint.

44.

Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.

Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.

Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.

Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.

Defendant denies stealing any Account Plans or other information of Plaintiff. Defendant is without sufficient information to know the contents of certain Account Plans he transferred to an external drive, because that information is in the possession of Plaintiff.  Defendant therefore denies the allegations contained in Paragraph 48 of the Complaint.

49.

Defendant has no knowledge of the allegations in Paragraph 49 of Plaintiff's Complaint and therefore denies the allegations contained in Paragraph 49 of the Complaint.

50.

Defendant has no knowledge of the allegations in Paragraph 50 of Plaintiff's Complaint and therefore denies the allegations Paragraph 50 of the Complaint.

51.

Defendant admits that in March 2014, he was promoted to the position of Vice President for Global CSP Services.  Defendant further admits that in that position he reported directly to the Plaintiff's Senior Vice President Instant Products.  Defendant admits he had information about Plaintiff's instant lottery business.   Defendant has no knowledge regarding other allegations in Paragraph 51. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 51 of the Complaint.

52.

Defendant admits that while in Plaintiff's employ he had access to information about Plaintiff's business strategies and practices, potential new products, existing

customers, and pricing.  Except as expressly admitted herein, Defendant denies the allegations in Paragraph 52 of the Complaint.

53.

Defendant denies of the allegations in Paragraph 53 of the Complaint.

### COUNT I

**Misappropriation of Trade Secrets**
**Under the Defend Trade Secrets Act**
**(18 U.S.C. §§ 1836 *et seq.*)**

54.

Defendant incorporates by reference his Answer to Paragraphs 1-53 of the Complaint as if set forth herein in their entirety.

55.

Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.

Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.

Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.

Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.

Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.

Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.

Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.

Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.

Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.

Defendant denies that Plaintiff is entitled to any remedy in this lawsuit and denies the allegations in Paragraph 64 of the Complaint. Answering further, Defendant states that the DTSA expressly prohibits the injunctive relief Plaintiff is seeking to bar Defendant from employment with IGT and any other entity.

## **COUNT II**

### **Misappropriation of Trade Secrets Under the Georgia Uniform Trade Secrets Act (GTSA) (O.C.G.A. §§ 10-1-760 *et seq.*)**

65.

Defendant incorporates by reference his Answer to Paragraphs 1-64 of the Complaint as if set forth herein in their entirety.

66.

Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.

Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.

Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.

Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.

Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.

Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.

Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.

Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.

Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.

Defendant denies the allegations contained in Paragraph 75 of the Complaint.

## COUNT III

## Breach of Fiduciary Duty

76.

Defendant incorporates by reference his Answer to Paragraphs 1-75 of the Complaint as if set forth herein in their entirety.

77.

Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.

Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 78 of the Complaint and therefore denies the same.

79.

Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 79 of the Complaint and therefore denies the same.

80.

Defendant admits that the Vice President for Global CSP Services had authority to take certain actions on behalf of Plaintiff within the scope of his authority and as authorized by Plaintiff. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 80 of the Complaint.

81.

Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82.

Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83.

Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.

Defendant denies the allegations contained in Paragraph 84 of the Complaint.

## **COUNT IV**

### **Breach of Contract**

85.

Defendant incorporates by reference his Answer to Paragraphs 1-84 of the Complaint as if set forth herein in their entirety.

86.

Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87.

Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88.

Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89.

Defendant denies the allegations contained in Paragraph 89 of the Complaint.

## **PRAYER FOR RELIEF**

90.

Specifically responding to the "WHEREFORE" paragraph of Plaintiff's Complaint, no response is necessary. However, to the extent a response is necessary, Defendant specifically denies that Plaintiff is entitled to any relief from Defendant, including but not limited to, that specific relief requested and enumerated in the Complaint.

WHEREFORE, Defendant respectfully prays of this Honorable Court as follows:

(a)     That the Court dismiss the Complaint with prejudice, casting all costs against Plaintiff;

(b)     That judgment be entered against Plaintiff and in favor of Defendant;

(c)     That Defendant be awarded his costs, attorneys' fees and expenses in defending the Complaint; and

(d)     That this Court award such other and further relief as is just, proper, and equitable under the circumstances.

This the 30th day of September, 2016.


[SIGNATURE ON FOLLOWING PAGE]

BERMAN FINK VAN HORN, PC

By:     *s/ Kenneth N. Winkler*
        Kenneth N. Winkler
        Georgia Bar Number 770749
        kwinkler@bfvlaw.com
        Benjamin I. Fink
        Georgia State Bar No. 261090
        bfink@bfvlaw.com

3475 Piedmont Road, NE          COUNSEL FOR DEFENDANT
Suite 1100                      BRIAN KEITH CASH
Atlanta, Georgia 30305
(404) 261-7711
(404) 233-1943 (Facsimile)

## CERTIFICATION OF COMPLIANCE WITH
## LOCAL RULE 7.1D AND 5.1B

Pursuant to Local Rule 7.1D and 5.1B, the undersigned counsel hereby certifies that the foregoing document complies with the Local Rule's requirements as to font in that it has been prepared in Times New Roman, 14 point.

BERMAN FINK VAN HORN, PC

By:   */s/ Kenneth N. Winkler*
      Kenneth N. Winkler
      Georgia State Bar No. 770749
      kwinkler@bfvlaw.com

3475 Piedmont Road, NE          COUNSEL FOR DEFENDANT
Suite 1100                      BRIAN KEITH CASH
Atlanta, Georgia 30305
(404) 261-7711
(404) 233-1943 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that, on September 30, 2016, I have served the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE SECOND AMENDED COMPLAINT** via electronic mail and with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

John M. Hamrick, Esq.
Holland & Knight LLP
Regions Plaza, Suite 1800
1180 West Peachtree Street
Atlanta, Georgia 30309

Michael Starr, Esq.
Holland & Knight LLP
31 West 52nd Street
New York, NY 10019
*(Admitted Pro Hac Vice)*
*Attorney for Plaintiff Scientific Games International, Inc.*

BERMAN FINK VAN HORN, PC


By:   /s/ Kenneth N. Winkler
      Kenneth N. Winkler
      Georgia State Bar No. 770749
      kwinkler@bfvlaw.com

3475 Piedmont Road, NE
Suite 1100
Atlanta, Georgia 30305
(404) 261-7711
(404) 233-1943 (Facsimile)

COUNSEL FOR DEFENDANT
BRIAN KEITH CASH